Harold Tessler, J.
Motion by plaintiff for summary judgment. Cross motion by defendant for similar relief. There is no substantial dispute as to the facts of this case.
Prior to her death on February 1,1962, Adeline Seaman (hereinafter called the “decedent”) opened an account with the defendant bank in her own name in trust for the plaintiff. The legal effects of such a Totten Trust are well established. In the absence of written notice of an express trust, the moneys on deposit are payable to the beneficiary named upon the death of the trustee. (Banking Law, § 239, subd. 2; § 394, subd. 5; Matter of Glasser, 191 N. Y. S. 2d 751, affd. 13 A D 2d 680.)
Defendant concedes that it has an account in the name of the decedent in trust for the plaintiff, but despite several demands by the plaintiff for payment thereof, defendant has refused to pay because plaintiff cannot produce the bankbook, as required by its by-laws. Plaintiff has offered to post a bond to indemnify the defendant. Defendant contends that the bankbook is in the possession of a person who is or claims to be the executor of the last will and testament of the decedent.
Plaintiff had the bankbook in her own possession, but turned it over to a Mrs. Zeiss who requested it, allegedly for the purpose of obtaining an estate tax waiver. Plaintiff has never been able to regain possession of the bankbook. Defendant concludes that Mrs. Zeiss may have some claim against the proceeds of the account, but defendant does not allege that any such claim has yet been made.
By the terms of her will, decedent made bequests to two charitable organizations and then left the entire residue of her estate to one John H. Stroeher, whom she also named as executor. Decedent further provided that if Stroeher predeceased her, or they died in a common accident, or under such circumstances as to make it difficult to determine which died first, “ then and only in such event or events ” decedent gave the residue to two other legatees who were in such case to serve as executors. One of the said contingent legatees was Mrs. Zeiss.
As noted above, decedent died on February 1, 1962. The residuary legatee Stroeher died in May, 1962. It is not claimed that he and the decedent died as the result of a common accident. It appears that the contingent executors under decedent’s will are also the executors of Stroeher’s will. It does not appear that either will has been offered for probate.
Even if Mrs. Zeiss were appointed executor under either the decedent’s will or Stroeher’s will, such appointment would give her no claim upon the proceeds of the bank account held in trust *593 for the plaintiff. Neither would she have any claim as the residuary legatee under either of those wills. Defendant has not asserted that Mrs. Zeiss or anyone else has filed any claim to the proceeds of this account. Defendant merely refuses to pay unless plaintiff produces the bankbook.
While regulations of banks are normally to be complied with, especially where such compliance places no undue burden on the depositor, they are not so obligatory that they cannot be dispensed with when occasion demands. The bankbook itself is merely evidence of the defendant’s debt to the depositor, or, in a case such as this, on the depositor’s death to the beneficiary named in the trust account.
The original depositor’s death has been proved herein by a death certificate. Plaintiff is willing to furnish an estate tax waiver and a bond to secure the defendant against any claims that may be made against it. Under such circumstances, this case seems to come within the rule enunciated in Myers v. Albany Sav. Bank (270 App. Div. 466, affd. 296 N. Y. 562).
In the Myers case, the action was brought by the original depositor who had lost her passbook. The bank’s regulations required that a bond be posted. Plaintiff was unable to obtain a surety bond. The question presented was whether a literal enforcement of the bank’s by-law for a bond was reasonable under the circumstances. The court held that it was not and granted summary judgment in favor of the plaintiff. This decision was affirmed by the Appellate Division and by the Court of Appeals.
In the instant case, plaintiff has offered to furnish a bond as well as a tax waiver and merely asks to be dispensed from the requirement of producing the bankbook. Defendant will be amply protected by the bond.
Plaintiff’s motion for summary judgment is granted. Defendant’s cross motion for summary judgment is denied.